## Snyder v. Lewis, Secretary of the Commonwealth.

*R. A. Freiler, James Gallagher, Martin F. Duffy* and *Scott S. Leiby*, for plaintiff.

*William A. Schnader*, Special Deputy Attorney-General, and *Cyrus E. Woods*, Attorney-General, for defendant.

WICKERSHAM, J., Oct. 14, 1929.—On petition of the plaintiff setting forth, *inter alia*, the facts which we shall hereinafter state and praying for a writ of

mandamus in the alternative form, a writ was awarded by this court. The defendant filed an answer.

It appears from the pleadings that at a primary election held on Sept. 17, 1929, Harry O. Bechtel, Esq., Pottsville, Schuylkill County, was nominated as the Democratic candidate for Judge of the Court of Common Pleas of the 21st Judicial District. On Oct. 2, 1929, Mr. Bechtel filed in the office of the Secretary of the Commonwealth his withdrawal as a candidate for judge in accordance with the provisions of the Act of April 18, 1923, P. L. 67. This action on the part of Mr. Bechtel left the Democratic Party of Schuylkill County without a candidate for judge at the forthcoming municipal election to be held Nov. 5th.

On Oct. 2, 1929, the Executive Committee of the Democratic Party of Schuylkill County, acting in accordance with the rules of the party, selected as the substituted nominee of that party for the office of Judge of the Court of Common Pleas for the 21st Judicial District the plaintiff, Charles A. Snyder. On the same day, Mr. Snyder presented to the defendant for filing in the office of the Secretary of the Commonwealth a substituted nomination paper in due form, reciting the above facts. The Secretary of the Commonwealth refused to receive the paper, on the ground that the statutory period within which substituted nomination papers may be filed had elapsed and that, therefore, it was too late to file such papers.

The purpose of the present proceeding is, therefore, to have the court reverse the action of the Secretary of the Commonwealth and compel him to receive and file substituted nomination papers naming Mr. Snyder as the Democratic candidate for Judge of the Court of Common Pleas of the 21st Judicial District.

This case came on to be heard before the full court sitting *in banc*, and after mature deliberation and a full consideration of the facts appearing of record in this case and the law applying thereto, an order was filed refusing to grant a peremptory mandamus and dismissing the proceedings, at which time we announced that an opinion would be filed giving our reasons for the conclusions reached and the order made, which we now proceed to do.

Counsel for the plaintiff ask us to so interpret the Acts of June 10, 1893, P. L. 419, May 20, 1921, P. L. 958, and April 18, 1923, P. L. 67, as to validate the nomination papers filed by Mr. Snyder and to declare under the law that the said substituted nomination papers could be filed by him at any time within twenty-five days prior to the municipal election to be held Nov. 5, 1929. This we think we cannot do.

It is admitted that if the court shall follow the directions prescribed by the Act of 1921, the substituted nomination papers of Mr. Snyder have not been filed in time. It is contended that the question for this court to determine is whether or not the Act of 1921 is applicable to the case at hand.

The Act of 1893 covered fully the filing of substituted nomination papers, both in the case of the withdrawal of a candidate who had been regularly nominated and in the case of the death of a candidate. In either of these events, the act specified how the substituted nomination should be made and provided that the substituted nomination papers might be filed at any time prior to the election.

The Act of 1921 expressly excludes from its effect substituted nominations in cases in which a vacancy has been caused by death. It applies, however, to all cases of withdrawals. It expressly repeals all acts and parts of acts inconsistent therewith. The effect of the said act was, therefore, to repeal that part of the Act of 1893 which provided that substituted nomination papers

might be filed at any time before election day in cases in which candidates formally withdraw after their nomination.

If the plaintiff, therefore, is entitled to any relief in this proceeding, it is because of a change in the law effected by the Act of 1923, which amends section 7 of the Act of 1893, and provides:

"Any person whose name has been presented as a candidate for the office of Presidential Elector, Member of the House of Representatives of the United States, or for any State office, including those of Judges, Senators, and Representatives, may cause his name to be withdrawn from nomination by request in writing, signed by him and acknowledged before an officer qualified to take acknowledgments of deeds, and filed in the office of the Secretary of the Commonwealth at least fifty days previous to the day of the general election, and at least twenty-five days previous to the day of the municipal election, and all candidates for other offices, with the county commissioners of the respective counties at least twenty-five days previous to the day of the election; and no name so withdrawn shall be printed upon the ballots.

"Where any office not in court of record shall for any cause become vacant after the time for making nominations for such office shall have elapsed, or when a writ for a special election to supply a vacancy shall direct such election to be held at a date which would prevent the making of nominations in time to comply with section five of this act, nominations for the office to be filled may still be made in accordance with sections two and three of this act, but in other respects the provisions of section twelve of this act shall apply to such nominations."

This act does not contain a repealing clause.

It will be observed the Act of 1923 does not deal with the filling of vacancies by withdrawal. It does not, therefore, deal with the same subject-matter as that with which the Act of 1921 deals, and cannot be regarded as repealing by implication the Act of 1921.

Even if the Act of 1923 could be regarded as repealing by implication the Act of 1921, the Act of 1893, in so far as it deals with the filing of substituted nomination papers to fill vacancies caused by withdrawal, has been repealed; and the proposition is too well settled to require the citation of authority that the repeal of a repealing act does not revive the act first repealed.

If there is such an incongruity between the Act of 1923 and prior legislation relating to elections as to require the courts to intervene under principles stated in plaintiff's brief, we ought to decline to recognize the Act of 1923, which is responsible for the incongruity. We cannot ignore the Act of 1921, nor can we restore to effectiveness the Act of 1893, in so far as it was repealed by the Act of 1921.

We feel this is a legislative and not a judicial question. We must assume the Legislature had knowledge of the Act of 1921 when the Act of 1923 was passed, and if it was the legislative intent to repeal said act or modify it, they could easily have said so. The Legislature having failed to specifically repeal or modify the Act of 1921, the courts are powerless to do what the Legislature has declined to do. We are not justified in refusing to recognize any act of assembly, the meaning of which is perfectly clear, simply because the Legislature by passing the act created a situation which we believe ought not to exist. The correction of such a situation is a matter for the Legislature and not for the courts.

The Legislature having provided by the Act of May 20, 1921, P. L. 958, "that certificates of nomination and nomination papers to fill vacancies caused by the withdrawal of candidates nominated at primary elections or by nomina-

226

tion papers shall be filed as follows: Those to be filed with the Secretary of the Commonwealth shall be filed at least thirty-five days before the day of election . . . ; Provided, that this act shall not apply to vacancies caused by the death of candidates nor to special elections," the court is powerless by a judicial act to modify this law so clearly stated. For these reasons, we refused to make the writ of alternative mandamus peremptory, and we directed that the proceeding be dismissed, at the cost of the plaintiff.

From Homer L. Kreider, Harrisburg, Pa.